Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
SOPHIA GARRIDO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| SOPHIA GARRIDO, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST LAW OFFICES, P.C., and ADIR INTERNATIONAL, LLC, d/b/a Curacao, <br><br> Defendants. | Case No.: 2:20-cv-7823 <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, SOPHIA GARRIDO ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SOUTHWEST LAW OFFICES, P.C. and ADIR INTERNATIONAL, LLC, d/b/a Curacao ("Southwest" and "Curacao" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint is based on the Electronic Fund

Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").

2. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA).

3. Counts IV and V of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1693(m) (EFTA) and 15 U.S.C. § 1692k (FDCPA).

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. This Court has federal question jurisdiction because this case arises out of violations of federal law.

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in the City of La Puente, Los Angeles

County, State of California.

10. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

11. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

12. Southwest is a debt collector as that term is defined by the FDCPA and the RFDCPA.

13. Curacao is a debt collector as that term is defined by the RFDCPA.

14. Southwest is a California professional corporation headquartered in the City of Los Angeles, Los Angeles County, State of California.

15. Curacao is a Delaware-organized limited liability company based in the City of Los Angeles, Los Angeles County, State of California.

16. Defendants are business entities engaged in the collection of debt within the State of California.

17. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

18. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Southwest it is assigned a file number.

20. The principal purpose of Southwest's business is the collection of debts

PLAINTIFF'S COMPLAINT

allegedly owed to third parties.

21. Southwest regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

24. Defendants are attempting to collect an alleged consumer debt from Plaintiff, arising from an account with Curacao.

25. The alleged debt at issue arises from transactions for personal, family, and household purposes.

26. At all times relevant hereto, Southwest was engaged by Curacao to collect the alleged debt from Plaintiff on Curacao's behalf.

27. In or around March 2020, Southwest began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-6754, in an attempt to collect the alleged debt.

28. Southwest calls Plaintiff from a private telephone number.

29. Since Southwest began attempting to collect the alleged debt from Plaintiff, Plaintiff made several payments to Southwest using Plaintiff's personal checking account.

30. Payments made by Plaintiff were manually drawn from Plaintiff's checking account and paid towards Plaintiff's outstanding account balance.

31. On or about July 8, 2020, without Plaintiff's written or oral permission, Southwest automatically withdrew $50.00 from Plaintiff's personal checking account.

32. On or about July 8, 2020, Southwest never had Plaintiff's express or implied consent to withdraw payment from Plaintiff's personal checking account.

33. Southwest did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payment.

34. Plaintiff did not provide Southwest either with a written or an electronic signature authorizing the automatic payment.

35. The unauthorized withdrawal over drafted Plaintiff's personal checking account and caused Plaintiff to incur a courtesy fee in the amount of $26.00.

36. On or about July 13, 2020, Plaintiff placed a call to Curacao and spoke with one of Curacao's agents.

37. During the conversation, Plaintiff explained to Curacao's agent that an unauthorized withdrawal was taken from Plaintiff's personal checking account.

38. During the conversation, Curacao's agent was not sympathetic to Plaintiff's circumstances and was ill-mannered toward Plaintiff.

39. Within the past year of Plaintiff filing this Complaint, Southwest began calling Plaintiff's relatives in an attempt to collect the alleged debt.

40. Within the past year of Plaintiff filing this Complaint, Southwest began calling Plaintiff's mother, Mary Marcial ("Mary"), on her telephone at xxx-xxx-4753, in an attempt to collect the alleged debt.

41. On at least one occasion since Southwest began calling Mary, Mary has spoken with Southwest and Southwest has disclosed Plaintiff's alleged debt to Mary.

42. Mary not a co-signer on Plaintiff's alleged debt and does not now owe Plaintiff's debt.

43. On at least one occasion since Southwest began calling Mary, Mary has spoken with Southwest and has requested for Southwest to stop calling her.

44. Despite Mary's request for Southwest to stop calling her, Southwest continued to place collection calls to Mary.

45. Within the past year of Plaintiff filing this Complaint, Southwest began

- 6 -

PLAINTIFF'S COMPLAINT

calling Plaintiff's sister, Laura Marcial ("Laura"), on her telephone at xxx-xxx-5058, in an attempt to collect the alleged debt.

46. On at least one occasion since Southwest began calling Laura, Laura has spoken with Southwest and Southwest has disclosed Plaintiff's alleged debt to Laura.

47. Laura not a co-signer on Plaintiff's alleged debt and does not now owe Plaintiff's debt.

48. On at least one occasion since Southwest began calling Laura, Laura has spoken with Southwest and has requested for Southwest to stop calling her.

49. Despite Laura's request for Southwest to stop calling her, Southwest continued to place collection calls to Laura.

50. Defendants engaged in the foregoing conduct with intent to annoy, abuse and/or harass Plaintiff and Plaintiff's relatives.

## COUNT I
## SOUTHWEST VIOLATED THE ELECTRONIC FUND TRANSFER ACT

51. Plaintiff repeats and re-alleges paragraphs one (1) through fifty (50) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

52. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

53. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

54. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

55. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

56. On at least one occasion, Southwest has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

57. On at least one occasion, Southwest has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, SOPHIA GARRIDO, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, P.C., for the following:

58. Actual damages of $76.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(1);

59. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

60. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

61. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### CURACAO VIOLATED THE ELECTRONIC FUND TRANSFER ACT

62. Plaintiff repeats and re-alleges paragraphs one (1) through fifty (50) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

63. Curacao engaged the services of debt collector Southwest to collect the

PLAINTIFF'S COMPLAINT

alleged debt from Plaintiff.

64. Curacao has the burden to monitor the activities of Southwest.

65. Southwest violated the EFTA.

66. Curacao is vicariously liable for the unlawful collection activities carried out by Southwest on its behalf.

WHEREFORE, Plaintiff, SOPHIA GARRIDO, respectfully requests judgment be entered against Defendant, ADIR INTERNATIONAL, LLC, d/b/a Curacao, for the following:

67. Actual damages of $76.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(1);

68. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

69. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

70. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## SOUTHWEST VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

71. Plaintiff repeats and re-alleges paragraphs one (1) through fifty (50) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

72. Southwest violated the FDCPA based on the following:

a. Southwest violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Southwest spoke with Mary and Laura and disclosed Plaintiff's alleged debt to Mary and Laura;

b. Southwest violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Southwest spoke with Mary and Laura and disclosed Plaintiff's alleged debt to Mary and Laura and when Southwest contacted Mary and Laura after Southwest had already located Plaintiff;

c. Southwest violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Southwest employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt and when Southwest continued to place collection calls to Mary and Laura's telephones despite their requests for Southwest to stop calling them;

d. Southwest violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

PLAINTIFF'S COMPLAINT

continuously with intent to annoy, abuse, or harass any person at the called number, when Southwest continued to place collection calls to Mary and Laura's telephones despite their requests for Southwest to stop calling them;

e. Southwest violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Southwest withdrew funds Plaintiff's checking account without authorization to do so; and

f. Southwest violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Intel Advantage and Intel Advantage 2 engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, SOPHIA GARRIDO, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, P.C., for the following:

73. Actual damages of $76.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

74. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

75. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

76. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## SOUTHWEST VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

77. Plaintiff repeats and re-alleges paragraphs one (1) through fifty (50) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

78. Southwest violated the RFDCPA based on the following:

   a. Southwest violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Southwest spoke with Mary and Laura and disclosed Plaintiff's alleged debt to Mary and Laura and when Southwest contacted Mary and Laura after Southwest had already located Plaintiff and when Southwest continued to place collection calls to Mary and Laura's telephones despite their requests for Southwest to stop calling them;

   b. Southwest violated § 178811(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, when Southwest spoke with Mary and Laura and disclosed Plaintiff's alleged debt to Mary and Laura and when

      Southwest contacted Mary and Laura after Southwest had already located Plaintiff and when Southwest continued to place collection calls to Mary and Laura's telephones despite their requests for Southwest to stop calling them;

  c. Southwest violated § 1788.12(b) of the RFDCPA by communicating information regarding a consumer debt to any member of the debtor's family, with none of the exceptions applicable, when Southwest spoke with Mary and Laura and disclosed Plaintiff's alleged debt to Mary and Laura; and

  d. Southwest violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, SOPHIA GARRIDO, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, P.C., for the following:

79. Actual damages of $76.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

80. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

PLAINTIFF'S COMPLAINT

81. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

82. Any other relief that this Honorable Court deems appropriate.

## COUNT V
## CURACAO VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

83. Plaintiff repeats and re-alleges paragraphs one (1) through fifty (50) of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

84. As alleged above, Curacao is a debt collector as defined by the RFDCPA.

85. Curacao engaged the services of fellow debt collector Southwest to collect the alleged debt from Plaintiff.

86. Curacao has the burden to monitor the activities of Southwest.

87. Southwest violated the RFDCPA.

88. Curacao is vicariously liable for the unlawful collection activities carried out by Southwest on its behalf.

WHEREFORE, Plaintiff, SOPHIA GARRIDO, respectfully requests judgment be entered against Defendant, ADIR INTERNATIONAL, LLC, d/b/a Curacao, for the following:

89. Actual damages of $76.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

90. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt

Collection Practices Act, Cal. Civ. Code § 1788.30(b);

91. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

92. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: August 27, 2020         By: /s/ Michael S. Agruss
                                                              Michael S. Agruss
                                                              Attorney for Plaintiff